# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>FERNANDO PINEDO GARCIA d/b/a<br>HEALTHY HARVESTING,<br><br>    Defendants. | Case No. 2:19-cv-05230-ODW (SKx)<br><br>**STIPULATED CONSENT JUDGMENT AND ORDER** |

Plaintiff R. Alexander Acosta, United States Secretary of Labor, and Defendants Healthy Harvesting and Fernando Pinedo Garcia ("Defendants") have agreed to resolve the disputes between them in this civil action and consent to the entry of this Consent Judgment as provided below.

## I. BACKGROUND

Although not authorized to do so, Defendants were found by the Department of Labor to have unlawfully transported workers to fields in Blythe, California and Somerton, Arizona in unsafe vans provided to them by Garcia's uncle Jose Jesus Pinedo, owner of JY Harvesting Inc. On March 15, 2017, an eleven-passenger van that Defendants used to transport workers swerved out of control and flipped over several times, killing one of Defendants' workers and injuring six others according to information provided by the California Highway Patrol. The California Highway Patrol investigation further disclosed that the fatality resulted from a blown-out tire and a seat belt that had been removed. The report also disclosed that the van had a bald tire (apart from the tire that blew out), two wheels did not have all lug nuts properly securing the wheels to the van, the driver did not have a commercial driver's license and his non-commercial, class C driver's license had been suspended.

Under the Migrant and Seasonal Agricultural Protection Act ("MSPA"), 29 U.S.C. § 1801, et seq., all persons who recruit and furnish agricultural workers to work for a grower must register as a farm labor contractor ("FLC") with the Department of Labor ("DOL"). MSPA was enacted, in part, to address both the low wages and unsafe working conditions suffered by many agricultural workers, who Congress has recognized as among the most vulnerable and exploited. *Barajas v. Bermudez*, 43 F.3d 1251, 1260 (9th Cir. 1994). If an FLC plans to transport farmworkers, they must receive DOL approval to do so. MSPA requires all persons who transport agricultural workers for their employers to undergo a medical examination, possess a valid driver's license, drive a vehicle that meets certain safety requirements, and maintain sufficient insurance to cover damage to persons

or property. When these prerequisites are met, the DOL will certify the FLC as transportation. Although Garcia/Healthy Harvesting was registered as an FLC to recruit and hire workers, neither Defendants nor Pinedo and J.Y. Harvesting, were authorized to transport them. Their decision to do so in a substandard vehicle as determined by the Department of Labor resulted in death and injury of Defendants' workers.

## II. STATEMENT BY THE PARTIES

A. The Secretary filed a complaint alleging that all Defendants violated the Migrant and Seasonal Agricultural Worker Protection Act ("MSPA"). (*See* Compl. ECF No. 1.)

B. The Parties waive Findings of Fact and Conclusions of Law.

C. Healthy Harvesting and Garcia admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the Central District of California.

D. Healthy Harvesting and Garcia acknowledge that they and any individual, agent, or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

E. The Parties agree to resolve all allegations and liability between them related to the events specified in the Secretary's Complaint. This Consent Judgment only resolves the liability of Healthy Harvesting and Garcia and does not resolve any potential liability of other employers.

F. Healthy Harvesting and Garcia agree to the entry of this Consent Judgment without contest.

G. Healthy Harvesting and Garcia admit they violated the following provisions of MSPA and its implementing regulations:

    1. MSPA § 401(b)(1)(A)-(C), 29 U.S.C. §§ 1842(b)(1)(A)-(C) and 29 C.F.R. §§ 500.100, 500.105, 500.120 by using or causing to be used vehicles for

the transportation of migrant and/or seasonal agricultural workers while failing to:

(a) Ensure that each driver providing transportation to migrant and seasonal agricultural workers had a valid and appropriate driver's license;

(b) Ensure that motor vehicles used to transport migrant or seasonal agricultural workers conformed to MSPA's vehicle safety standards. Specifically, an eleven-passenger van that Healthy Harvest used to transport workers was not equipped with tires of adequate capacity to support its gross weight and/or operate safely and a rear seatbelt was cut, rendering it unusable. This resulted in a worker's death after ejection from the vehicle;

(c) Ensure that each driver providing transportation to migrant and seasonal workers had a valid doctor's certificate;

(d) Obtain prescribed insurance coverage for transportation vehicles.

2. MSPA §§ 302(a), and 301(c), 29 U.S.C. §§ 1832(a), 1831(c) and 29 C.F.R. §§ 500.80, 500.81, 500.60(a) by failing to pay, when due, all wages owed to migrant and seasonal agricultural workers whom they employed and failing to comply with recordkeeping requirements, specifically:

(a) By failing to pay workers for time waiting for crops to de-ice;

(b) By failing to keep complete and accurate records;

(c) By failing to provide records to Fisher Ranch.

3. MSPA § 101(a), 29 U.S.C. § 1811(a), and 29 C.F.R. §§ 500.40 and 500.41 by providing, or causing to be provided, transportation to migrant and seasonal agricultural workers without a valid Certificate of Registration from the Secretary authorizing transportation services; and

4. MSPA §101(b), 29 U.S.C. § 1811(b), and 29 C.F.R. §§ 500.40(a), 500.41(a), 500.62, 500.51(a) by:

   (a) Transporting workers without authorization;

   (b) Failing to ensure that farm labor contractor employees transporting workers were authorized to do so;

   (c) Misrepresenting in its July 7, 2016 application for FLC registration that Healthy Harvesting did not transport workers.

H. Healthy Harvesting and Garcia agree that, in the event they default on the payment provisions identified in ¶¶ III.14-17 below, the Secretary may revoke any farm labor contractor certificate in their names and refuse to issue future farm labor contractor certificates of registration to them based on the failure to pay the penalty. To effectuate this paragraph, in the event of default, Healthy Harvesting and Garcia agree to the following terms:

   1. Defendants waive the right to receive a formal notice of the Administrator's assessment of violations and civil money penalties as described in paragraph G above in accordance with 29 C.F.R. § 500.210 and 500.211. Defendants also waive their right to request a hearing under 29 C.F.R. § 500.212 for the violations described in paragraph G above.

   2. In the event of nonpayment, the Secretary will provide Defendants with five days to cure the nonpayment. The Secretary will notify Defendants via letter and e-mail to **fernando@healthyharvesting.net** and **paul@sw2law.com** of Defendants' nonpayment.

   3. In the event Defendants fail to make a payment within five days, the Secretary will notify Defendants via letter of his decision to revoke or refuse to issue a farm labor certificate of registration in their names, which ever applies.

4. Defendants agree to waive their right to request a hearing under 29 C.F.R. § 500.212 on the Secretary's decision to revoke or refuse to issue a farm labor contractor certificate under their name.

    I.      The Parties agree that this Consent Judgment was entered as part of a pre-trial resolution and is subject to Federal Rule of Evidence 408 and its analogs.

**III.   <u>JUDGMENT</u>**

Therefore, upon motion of the attorneys for the Secretary, and for good cause shown, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 502 of MSPA, 29 U.S.C. § 1852, Healthy Harvesting and Garcia, their officers, agents, servants, employees, successors, and all persons in active concert or participation with them are permanently enjoined and restrained from violating MSPA, including in any of the following manners:

    1.      Defendants shall not, contrary to MSPA § 101(a), 29 U.S.C. § 1811(a), and 29 C.F.R. §§ 500.40 and 500.41 provide, or cause to be provided, transportation to migrant or seasonal agricultural workers without possessing a valid Certificate of Registration from the Secretary authorizing transportation services;

    2.      Defendants shall not, contrary to MSPA § 401(b)(1)(A)-(B), 29 U.S.C. §§ 1841(b)(1)(A)-(B), use or cause to be used vehicles for the transportation of migrant or seasonal agricultural workers while failing to (a) ensure that each driver providing transportation to migrant or seasonal agricultural workers has a valid and appropriate driver's license; or (b) ensure that motor vehicles used to transport migrant or seasonal agricultural workers conforms to MSPA's vehicle safety standards;

    3.      Defendants shall not contrary to MSPA § 101(b), 29 U.S.C. § 1811(b), hire, use, or employ any person to perform FLC activities (including recruiting, soliciting, hiring, and transporting migrant and seasonal agricultural workers) who does not possess a valid FLC or FLC employee Certificate of Registration from the Secretary authorizing

those FLC activities;

4. Defendants shall not contrary to MSPA §§ 202(a) and 302(a), 29 U.S.C. §§ 1822(a) and 1832(a), fail to pay, when due, all wages owed to migrant and seasonal agricultural workers whom they employ;

5. Defendants shall not, contrary to MSPA §§ 201(d)(1) and 301(c)(1), 29 U.S.C. §§ 1821(d)(1) and 1831(c)(1), and 29 C.F.R. § 500.80 fail, with respect to each migrant and seasonal agricultural worker they employ, to make, keep and preserve records of the worker's payroll, address and social security information;

6. Defendants shall not, contrary to MSPA §§ 201(a) and (g), 29 U.S.C. §§ 1821(a) and (g) and 29 C.F.R. §§ 500.60(b), .75(b) and .78 fail to disclose to each migrant agricultural worker they recruit, hire, or employ, in writing in a language common to the worker, at the time of recruitment, the terms and conditions of employment;

7. Defendants shall not, contrary to MSPA §§ 201(e) and 301(d), 29 U.S.C. §§ 1821(e) and 1831(d), and 29 C.F.R. § 500.60(a) fail to provide any agricultural employer for which they provide farm labor contracting services, copies of the payroll records required to be retained under MSPA §§ 201(d) and 301(c), 29 U.S.C. §§ 1821(d) and 1831(c);

8. **IT IS FURTHER ORDERED** that within thirty days of the entry of this Judgment or after Defendant Healthy Harvesting begins employing employees to begin harvesting, whichever occurs later, Defendants shall hire an independent third-party monitor, acceptable to the Secretary, to monitor Defendants' compliance with MSPA for a period of three years. The monitor shall produce written reports of its findings. If Defendant Healthy Harvesting is not employing employees to begin harvesting at the time the Judgment is entered, Defendants will notify counsel for Plaintiff R. Alexander Acosta, United States Secretary of Labor, within ten days after hiring workers to begin harvesting. Defendants shall maintain these reports for a period of three years and supply copies to

representatives of the Secretary of Labor upon their request.

9. Defendants shall distribute to their agricultural workers the attached Exhibit B, Notice of Workers' Rights.

    a. Defendants shall distribute the Notice to all workers they employ for three years from the date this Consent Judgment is entered by stapling the Notice to or enclosing it with one time to each employees' paycheck

    b. Defendants shall also post this Notice in areas workers frequent, including in the vehicles that transport them, restrooms they utilize, and where the workers eat lunch, drink water, and take breaks.

10. Defendants shall permit the Secretary to provide an annual training on worker rights and protections under MSPA and to all Defendants' supervisors and field foremen for the next three years commencing after entry of this Consent Judgment. Defendants shall require all supervisors and field foremen to attend this annual training each year.

11. Defendants shall permit the Secretary to provide a bi-annual training on transportation safety under MSPA to all drivers transporting agricultural employees for the next three years commencing after entry of this Consent Judgment if Defendants are engaged in such transportation.

12. Defendants shall not employ or contract with any individual or entity, including Jose Jesus Pinedo and JY Harvesting, LLC, to engage in any farm labor contracting activity for which they are not authorized.

13. Defendants shall provide all growers with which they contract a copy of this Consent Judgment.

14. **IT IS FURTHER ORDERED** that Healthy Harvesting and Garcia are jointly and severally liable to the Secretary in the amount of $79,153, for Civil Money Penalties assessed by the U.S. Department of Labor under 29 U.S.C. § 1853 for violations of MPSA and finally determined.

15. **JUDGMENT IS HEREBY ENTERED** in the amount of $79,153 against Healthy Harvesting and Garcia, jointly and severally, and in favor of the Plaintiff, Secretary of Labor. This amount is to be considered a debt to the United States.

16. Within ten days of the entry of this Consent Judgment, Defendants shall mail, overnight or otherwise cause to be delivered to Assistant District Director Justin Emerick, Wage and Hour Division, United States Department of Labor, 550 West C Street #990, San Diego, CA 92101, a certified or cashier's check for an initial payment of **$2,000 payable** to "Wage & Hour Div., Labor." On the memo line Defendants shall write "Healthy Harvesting CMPs" and include the respective Payment Number identified in paragraph 17.

17. Defendants shall pay the remainder of the CMPs in the same manner as stated above in installments as follows:

| Payment No. | Payment Date | Amount |
|---|---|---|
| 1. | July 1, 2019 | $1,500 |
| 2. | August 1, 2019 | $1,500 |
| 3. | September 1, 2019 | $1,500 |
| 4. | October 1, 2019 | $1,500 |
| 5. | November 1, 2019 | $1,500 |
| 6. | December 1, 2019 | $5,000 |
| 7. | January 1, 2020 | $5,500 |
| 8. | February 1, 2020 | $5,500 |
| 9. | March 1, 2020 | $5,500 |
| 10. | April 1, 2020 | $3,500 |
| 11. | May 1, 2020 | $1,500 |
| 12. | June 1, 2020 | $1,500 |
| 13. | July 1, 2020 | $1,500 |

| 14. | August 1, 2020 | $1,500 |
| 15. | September 1, 2020 | $2,000 |
| 16. | October 1, 2020 | $1,500 |
| 17. | November 1, 2020 | $2,000 |
| 18. | December 1, 2020 | $5,000 |
| 19. | January 1, 2021 | $5,500 |
| 20. | February 1, 2021 | $5,500 |
| 21. | March 1, 2021 | $5,500 |
| 22. | April 1, 2021 | $3,500 |
| 23. | May 1, 2021 | $1,500 |
| 24. | June 1, 2021 | $1,500 |
| 25. | July 1, 2021 | $1,500 |
| 26. | August 1, 2021 | $2,653 |
| 27. | September 1, 2021 | $1,000 |
| **Total:** | | $77,153.00 |

18. Within fifteen days of entry of this Judgment, Defendants shall provide Assistant District Director Justin Emerick, to the address listed in paragraph 16, a list containing the last known home address, email address, and telephone number for each person named in the attached Exhibit A.

19. Each party shall bear all their own fees and other expenses (including court costs) and attorneys' fees that might be available under the Equal Access to Justice Act incurred by such party in connection with any stage of this proceeding to date.

20. Nothing in this Consent Judgment and Order is binding on any government agency other than the United States Department of Labor, Wage and Hour Division.

//
//

21. This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Decree.

**IT IS SO ORDERED.**

June 24, 2019

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE